ALD-257                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1295
_____

In re:  JOHN A. CHAMPION,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3-18-cv-02421)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 16, 2020
Before:  MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 18, 2020)
_____

OPINION[*]
_____

PER CURIAM

    In 1999, John Champion pleaded guilty in the Superior Court of the District of

Columbia to second degree murder.  A sentence of 20 years to life was imposed.

Champion's subsequent efforts to invalidate his conviction have thus far been

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

unsuccessful. See, e.g., Champion v. United States, 947 F. Supp. 2d 84, 88 (D.D.C. 2013).

At issue here is Champion's petition under 28 U.S.C. § 2241 for a writ of habeas corpus. Because he is currently incarcerated at USP Allenwood in Pennsylvania, Champion filed his § 2241 petition in the United States District Court for the Middle District of Pennsylvania.

Briefing on the petition was completed by March 2019. Eleven months later, Champion filed in this Court a petition for a writ of mandamus, asking that we compel the District Court to act on the § 2241 petition.[1] That petition has since been dismissed by the District Court.[2] Champion's mandamus petition is thus moot and will be dismissed. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 699-700 (3d Cr. 1996).[3]

---

[1] The mandamus petition was dismissed for failure to prosecute, insofar as Champion failed to timely supply a certificate of service. That defect having been cured, Champion's motion to reopen this proceeding is granted. His motion to proceed in forma pauperis is granted. His motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

[2] Champion's § 2241 petition was originally assigned to the Honorable A. Richard Caputo. Judge Caputo passed away earlier this year, after more than 20 years of service on the federal bench. Champion's case was reassigned to then-Chief Judge Christopher C. Conner, who ruled on the § 2241 petition in due course. See ECF 25-26.

[3] Champion has sent a letter to the District Court indicating that he plans to appeal from the dismissal of his § 2241 petition. See ECF 27.